UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
SHOLOM SELENGUT, as Trustee of the
Pauline Selengut Irrevocable Trust,

                  Plaintiff,

     - against -

JACOB SELENGUT, as Trustee of the PS 1-16
Trust,

                  Defendant.
----------------------------------------------------------------- x

**MEMORANDUM & ORDER**

19-CV-2556 (RJD)(SLT)

DEARIE, District Judge:

        Plaintiff Sholom Selengut ("Plaintiff" or "Sholom") brings this declaratory judgment action against his brother, Defendant Jacob Selengut ("Defendant" or "Jacob") relating to a property located at 1081 East 13th Street, Brooklyn, New York ("the premises"), where Sholom and Jacob's 98-year-old mother, Pauline Selengut ("Pauline"), currently resides. On two separate occasions, the property was granted by deed to two separate trusts, each controlled by one of the brothers, and both of which cannot be effective. Though the terms of the trusts vary considerably, the deeds conveying the premises to each of the trusts all purport to grant Pauline a life estate in the premises. Sholom seeks a declaration from this Court that the Pauline Selengut Irrevocable Trust ("Sholom Trust"), of which Sholom is trustee, is the owner of the premises, and a subsequent deed transferring the premises from Pauline to the PS 1-16 Trust ("Jacob Trust"), of which Jacob is trustee, is null and void. Jacob contends this action must be dismissed for lack of subject matter jurisdiction because Pauline, who is not a named party, is necessary and indispensable to this action, and her joinder destroys diversity.[1] For the reasons stated

---

[1] Sholom is a citizen of New York, Jacob is a citizen of New Jersey, and Pauline is a citizen of New York. If Pauline were joined, and the Court finds she is not a nominal party, no one disputes that diversity would be destroyed.

herein, Jacob's motion is granted and this action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On May 6, 2014, when she was 93 years old, Pauline signed a power of attorney appointing Sholom as her agent and giving him the power to enter into real estate transactions and create trusts on her behalf. Approximately one year later, on March 4, 2015, Sholom created the Sholom Trust and appointed himself trustee. On March 10, 2015, Pauline signed a deed, which was thereafter recorded, transferring the premises to the Sholom Trust. The trust provided that the proceeds from the ultimate sale of the premises would be divided 45% to Sholom, 45% to Jacob, and 10% to a third brother, not a party to this action, Charles. The Sholom Trust also provided that Pauline "shall have the right to possess, use and occupy" the premises "for residential purposes" and "shall not be required to pay rent for such property, but shall be responsible for and required to pay all of the expenses of the maintenance of the property." ECF No. 18-2. Finally, the trust provided that "[n]otwithstanding anything that may be contained herein to the contrary, no Trust principal may be paid to or for the benefit of the Grantor." ECF No. 18-2.

Almost a year later, on February 16, 2016, Pauline signed a *second* deed, which was also recorded, purporting to transfer the premises from herself to the Jacob Trust, and explicitly reserving her a life estate in the premises. The Jacob Trust provided that 100% of the proceeds from the ultimate sale of the premises would go to Jacob. On July 27, 2017, Sholom filed a petition to have Pauline declared incapacitated and to be appointed her guardian. ECF No. 12-1. Jacob opposed the appointment of Sholom as guardian and requested that he be appointed her guardian. Id. The Court appointed Sholom "as Co-Guardian of the Person of Pauline Selengut"

and Richard Batelman, an unrelated third party, as "Co-Guardian of the Person and sole Guardian of the Property of Pauline Selengut." Id.

Sholom commenced this action on May 1, 2019. On July 15, 2019, pursuant to this Court's Individual rules, Jacob requested a pre-motion conference pertaining to his anticipated motion to dismiss for lack of subject matter jurisdiction and explaining that Sholom "deliberately neglected to name [Pauline]" in this action even though she is a necessary and indispensable party "whose inclusion would destroy the diversity jurisdiction." ECF No. 12. Specifically, Jacob argued that Pauline's interests would be directly implicated by the outcome of this action because to the extent the Court found for Sholom, Pauline could lose the life estate granted by the Jacob Trust. On August 14, 2019, just two weeks before an August 29, 2019 pre-motion conference before the undersigned, Sholom informed the Court that "[a]lthough the initial deed conveying the property to Sholom's trust did not formally reserve a life estate for Pauline Selengut, by deed dated July 26, 2019, Sholom's trust expressly granted a life estate to Pauline Selengut." ECF No. 17. The deed was recorded on August 6, 2019. Id. To that end, Sholom explained that even if Pauline were a necessary party by statute, naming her in this action would not destroy diversity because she would be a mere nominal party. If, no matter the outcome, Pauline retains her life estate in the premises, then, Sholom argued, she has no real interest in the outcome of the litigation, and her citizenship need not be considered in evaluating subject matter jurisdiction. Jacob disagreed, claiming that a provision in the Sholom Trust prohibiting trust principal from being paid to or for the benefit the grantor "does not permit giving a life estate to Pauline." ECF No. 18-2; ECF No. 19.

In light of the plain language of New York's Real Property Actions and Proceedings Law ("RPAPL") §§ 1511(1)-(2), Pauline is both a necessary and indispensable party. Moreover,

because the resolution of this dispute may well impact Pauline's possessory interest in the premises and whether she will retain a life estate if the Jacob Trust is declared null and void, Pauline is not a mere nominal party. Accordingly, Pauline's mandatory joinder destroys diversity and the Court must dismiss this action for lack of subject matter jurisdiction.

## DISCUSSION

I. Legal Standard

An action may be dismissed for failure to join an indispensable party where (i) the absent party is "required," (ii) joining the absent party would not be "feasible," and (iii) "it is determined in equity and good conscience that the action should not proceed among the existing parties." Garner v. Behrman Bros IV, LLC, 260 F. Supp. 3d 369, 380 (S.D.N.Y. 2017); see also Fed. R. Civ. P. 19.

An absent party is "required" if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest." Id. (citing Fed. R. Civ. P. 19(a)). If the court determines that a party is "required" but joinder would not be feasible, because, for example, joinder would destroy complete diversity between the parties, the court must assess whether "in equity and good conscience" the action should proceed among the parties before it or should be dismissed because the absent party is "indispensable" under Fed. R. Civ. P. 19(b). Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 107 (1968); Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 179 (2d Cir. 2000); 2 Montauk Highway LLC v. Global Partners LP, 296 F.R.D. 94, 98 (E.D.N.Y. 2013). An absent party is "indispensable" if a "judgment rendered in the person's absence might be prejudicial to

the person." Fed. R. Civ. P. 19(b). The Court will also consider whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Id.

Finally, to the extent a statutorily required party would destroy diversity jurisdiction, the Court may consider whether that party is "nominal," and thus irrelevant for purposes of diversity jurisdiction. It is well-established "that the citizenship of a nominal or formal party is disregarded in determining the existence of diversity" because "only those with a real and substantial interest in the controversy" should be considered. People by Underwood v. LaRose Indus. LLC, 386 F. Supp. 3d 214, 217 (N.D.N.Y. 2019). In assessing whether diversity jurisdiction exists, the Court must determine the extent to which there is a "collision of interests"—a bona fide case or controversy—between citizens of different states. Id.; see also Maryland Cas Co. v. W.R. Grace & Co., 23 F.3d 617 (2d Cir. 1993); Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981) ("A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be"). To that end, the Court must confront essentially the same question in determining whether a party is "nominal" and whether a party is "necessary and indispensable." In both inquiries, the principal focus is on whether the party in question has "a personal stake in the outcome of the litigation" and is thus "necessary" to "an ultimate resolution." Federal Insur. Co. v. Tyco Intl Ltd., 422 F. Supp. 2d 357, 388 (S.D.N.Y. 2006).

II. Pauline is a Necessary and Indispensable Party Whose Joinder Will Destroy Diversity.

Under RPAPL, "the person in possession [of the property] *shall* be made a party to the action," RPAPL § 1511(1) (emphasis added), and "[w]here it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any

manner be affected by the judgment, the court, upon application of…any party to the action, or on its own motion, may direct that such person be made a party," RPAPL § 1511 (2). Jacob argues that both RPAPL provisions require Pauline's joinder because "[s]he is in possession of the subject premises" and "[s]he has interests which may be effected by the Judgment herein." ECF No. 19 (citing RPAPL § 1511(1)-(2)). Sholom responds, without addressing the plain language of RPAPL § 1511(1), that with respect to RPAPL § 1511(2), Pauline "will not be adversely affected by this litigation, since she will retain her life estate regardless of whether Sholom or Jacob prevails." ECF No. 20.

First, the plain language of RPAPL § 1511(1) clearly commands Pauline's joinder. According to RPAPL § 1511(1), the person "in possession" of the premises "*shall* be made a party to the action." (emphasis added). This provision of RPAPL contemplates "a situation where the person *in possession* has such by virtue of a lease *or other permissive user*." Dowdell v. Brown, 54 Misc. 2d 44 (N.Y. Sup. Ct. 1967) (emphasis added); see also Gustavia Home LLC v. Envtl Control Bd., 2019 WL 4359549 (E.D.N.Y. Aug. 21, 2019).

Under (i) the deed conveying the premises from Pauline to the Sholom Trust, (ii) the deed which grants Pauline a life estate from the Sholom Trust *and* (iii) the deed conveying the premises from Pauline to the Jacob Trust, Pauline has a possessory interest in the premises as a "permissive user." The first deed conveys the premises to the Sholom Trust and grants Pauline, the grantor, "the right to possess, use and occupy" the premises. Sholom's second deed explicitly grants Pauline a life estate in the premises, as does the deed conveying the premises to the Jacob Trust. All three deeds appear to make Pauline a permissive user of the premises whether by way of a life estate or "the right to possess, use and occupy the premises." Pauline is

therefore a person in possession of the premises and "shall be made a party to the action." RPAPL § 1511(1).

Second, even setting aside RPAPL § 1511(1), Pauline has an interest in the premises "which may in any manner be affected by the judgment" of this Court pursuant to RPAPL § 1511(2). See, e.g., Petti v. Town of Lexington, 92 A.D. 3d 111, 1115 (3d Dept. 2012) ("neighboring landowners...who might be *inequitably affected by a judgment*...shall be plaintiffs or defendants" (emphasis added)); Sorbello v. Birchez Assoc., LLC, 61 A.D.3d 1225, 1225 (3d Dept. 2009) (in quiet title action, where individuals "who owned property abutting subject tract" "could be *adversely affected* by outcome of action...they were necessary parties" (emphasis added)).

The Sholom Trust contains two potentially conflicting provisions—one which purports to permit Pauline to reside on the premises, and one which purports to prohibit Pauline from benefitting from the trust principal, even though the trust principal includes the premises. On the one hand, Sholom, as trustee, "is authorized to accept in Trust any premises...that [Pauline] may occupy as [her] residence" and Pauline "shall have the right to possess, use and occupy any such premises for residential purposes." ECF No. 18-2. On the other hand, "*[n]otwithstanding anything that may be contained herein to the contrary,* no Trust principal may be paid to or for the benefit of [Pauline]." Id. (emphasis added). Jacob argues that this latter provision renders the deed from the Sholom Trust granting Pauline a life estate "ineffective" because the provision "does not permit giving a life estate to Pauline." ECF No. 19. Sholom claims this argument is "frivolous" because the provision "deal[s] with payments or disposition of the principal to the grantor" and the premises is not "the principal of the trust." ECF No. 20.

7

Sholom assumes that the premises cannot constitute "trust principal," even though trust principal consists of the property the trust owns, including real estate. ABA, *Glossary*, www.americanbar.org/groups/real_property_trust_estate/resources/estate_planning/glossary/; see also In re Hilsen, 405 B.R. 49 (Bankr. E.D.N.Y. 2009). Here, to the extent the Sholom Trust owns the premises, then the premises constitutes "principal" of the Sholom Trust. The Sholom Trust allows Pauline "to possess, use and occupy the premises" on a discretionary basis—it does not convey her a possessory interest in the premises for life or indefinitely. The Sholom Trust also provides that "*notwithstanding anything*" to the contrary, no trust principal, which includes the premises itself, "may be paid to or for the benefit of Pauline." Therefore, there is an interpretive question as to whether Pauline's possession of the premises—particularly by the terms of the July 2019 deed granting her a life estate—is contradicted by or otherwise violates other terms of the Sholom Trust. This question of trust construction directly implicates the validity of Pauline's interest in the premises, such that if the Sholom Trust is declared the premises' true owner, Pauline's interest—now, a life estate— "may in any manner be affected," rendering her a necessary and indispensable party under RPAPL § 1511(2) and Fed. R. Civ. P. 19(b) (a person is necessary and indispensable to an action where "judgment rendered in the person's absence might be prejudicial to the person").[2] Further to this point, even if this action must be dismissed for nonjoinder, Sholom will have an adequate, if not superior, remedy—he can refile this action in state court, where the judicial officers are experienced in such matters of domestic concern. Fed. R. Civ. P. 19(b).

---

[2] This question of construction is further complicated by the fact that the Sholom Trust deed granting Pauline a life estate in the premises was not executed and recorded until the second half of 2019, after the commencement of this litigation and five years after the Sholom Trust was established. The life estate was thus not part of Sholom, or Pauline's, initial understanding of the conveyance.

8

Finally, because Pauline has an interest in the premises "which may in any manner be affected by the judgment" of this Court, she is not a mere nominal party, but a "real party in interest" whose joinder will destroy diversity and deprive this Court of subject matter jurisdiction. LaRose Indus. LLC, 386 F. Supp. 3d at 217. Indeed, Pauline has a "personal stake" in the outcome of this action, which depends upon the interpretation of the Sholom Trust. She should therefore be joined and permitted to make arguments regarding the proper construction of the Sholom Trust and her possessory interest in the premises.

## CONCLUSION

The Court concludes that Pauline is a necessary and indispensable party both by way of RPAPL § 1511 and Fed. R. Civ. P. 19. And, because Pauline has a real interest in the outcome of this litigation and is not a mere nominal party, her joinder will destroy diversity. Accordingly, this action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
October 16, 2019

s/ Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge